IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HUMBERTO GALVAN,

        Applicant,

v.                                                        Case No. CIV-08-0950 MV/LAM

RODDIE RUSHING, Warden,

        Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1. This is a proceeding on Applicant Humberto Galvan's *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Attachment 6 to *Doc. 2*) (hereinafter, "*Application*"), filed on September 30, 2008.[2] Mr. Galvan is incarcerated and appears in this case *pro se*.

2. On November 20, 2008, Respondent Roddie Rushing, the Warden of the corrections facility in New Mexico where Mr. Galvan is incarcerated, filed a motion to dismiss the *Application*. See *Government's Motion to Dismiss Petitioner's Application for a Writ of*

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.

[2] This case was originally filed on August 13, 2008, in the United States District Court for the District of Colorado. It was transferred to this district on October 14, 2008, after the Colorado court construed the *Application* as an application for a writ of habeas corpus under 28 U.S.C. § 2241 challenging Mr. Galvan's removal from the United States, and because Mr. Galvan is incarcerated in a correctional facility located in New Mexico. *See Order of Transfer* (*Doc. 1*), at 1-2.

*Habeas Corpus Pursuant to 28 U.S.C. § 2241 Filed on September 30, 2008* (*Doc. 5*) (hereinafter, "*Motion to Dismiss*").  Although the *Motion to Dismiss* was filed in the name of the United States of America, the Court construes it as having been filed on behalf of Respondent Rushing since the United States Attorney for the District of New Mexico, who filed the *Motion to Dismiss*, is Mr. Rushing's counsel of record, the United States is technically not a party to this case, and it is apparent from the content of the motion and its related docket entry that the motion was filed on behalf of Mr. Rushing.

3. Mr. Galvan did not file a response to the *Motion to Dismiss*, either initially or after the Court gave him a second opportunity to respond.  *See Order Setting Briefing Schedule* (*Doc. 6*).  The second deadline for filing a response expired on March 20, 2009.  Under the Court's local rule D.N.M.LR-Civ. 7.1(b), Mr. Galvan's failure to file and serve a response in opposition to the motion constitutes consent to grant the motion.  However, when dealing with a *pro se* party, the Tenth Circuit Court of Appeals has stated its preference for resolving the substance of a motion to dismiss on the merits, despite the *pro* se party's failure to respond.  *See, e.g., Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, No. 03-1116, 2003 WL 23098617, at **2 (10th Cir. Dec. 31, 2003) (citation omitted) (unpublished) (with respect to motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  Given the judicial system's strong preference for deciding cases on their merits, the Court will consider Respondent's *Motion to Dismiss* on its merits.

4. Because Mr. Galvan is proceeding *pro se*, the Court liberally construes his *Application* and holds it to a less stringent standard than pleadings drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However this standard of liberal construction does not mean that the Court may act as his advocate in this proceeding.  *See Hall v. Bellmon*, 935 F.2d at 1110.

5.	Having reviewed the *Motion to Dismiss*, the record of this case and applicable law, the Court recommends that the *Motion to Dismiss* be **GRANTED**, the *Application* **DENIED**, and this case **DISMISSED** without prejudice for the reasons set forth below.

### *Factual and Procedural Background*

6.	On September 7, 2006, at the conclusion of his trial in Criminal Case No. 04-CR-00403-LTB in the United States District Court for the District of Colorado, a jury found Mr. Galvan guilty of multiple criminal offenses.  *See* **Verdict Forms** (*CR Doc. 973*) filed in Criminal Case No. 04-CR-00403-LTB in the United States District Court for the District of Colorado on September 7, 2006.[3]  Mr. Galvan was sentenced on December 27, 2006, and judgment was entered in the criminal case on January 4, 2007.  *See* **Sentencing - Courtroom Minutes** (*CR Doc. 1179*) and **Judgment in a Criminal Case** (*CR Doc. 1193*).  Mr. Galvan was sentenced to a total term of imprisonment of one-hundred and twenty-one months as to Counts One and Thirty-two (with concurrent sentences of sixty months and forty-eight months for Counts Twenty-three and Twenty-five, respectively), followed by five years of supervised release.  *See* **Judgment in a Criminal Case** (*CR Doc. 1193*) at 3-4.  Mr. Galvan appealed his conviction and sentence to the Tenth Circuit.  In an amended opinion filed on October 31, 2008, the Tenth Circuit affirmed the district court.  *See United States v. Zapata*, 546 F.3d 1179 (10th Cir. 2008).  The docket of Mr. Galvan's Tenth Circuit appeal does not indicate that any further appeal of his conviction and sentence was undertaken.

---

[3] The Court takes judicial notice of this, and other documents of record in the docket of the criminal case which are referenced herein with the designation "*CR*," pursuant to its discretion to do so.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (noting court's discretion to take judicial notice of "publicly-filed records" in its own court and in certain other courts "concerning matters that bear directly upon the disposition of the case at hand").

7.     Mr. Galvan filed his initial application for habeas relief in the United States District Court for the District of Colorado on August 20, 2008.  *See* Attachment 2 to *Doc. 2*.  He filed an amended application, herein his "*Application*," on September 30, 2008, and the habeas proceeding was transferred to this district on October 14, 2008.  *See* Attachment 6 to *Doc. 2*; *Order of Transfer* (*Doc. 1*).  The proceeding was transferred to this Court because Mr. Galvan was incarcerated in New Mexico when he filed his initial habeas application and an application for habeas relief under § 2241 "must be filed in the district where the prisoner is confined."  *See Order of Transfer* (*Doc. 1*) at 2 (*quoting Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

## *Analysis*

8.     In his *Application*, Mr. Galvan challenges his removal from the United States which he describes as "deportation."  *Application* (Attachment 6 to *Doc. 2*) at 2.  As relief, he asks the Court to stop his "deportation" from the United States.  *Id.* at 5.  He alleges that he is subject to removal as a result of his criminal conviction.  *Id.* at 2.  He alleges that his removal should be stopped because: (a) his attorney rendered ineffective assistance of counsel by failing to explain the possible consequence of removal if Mr. Galvan lost his criminal case; and (b) removal, in addition to his prison sentence, would constitute double jeopardy.  *Id.* at 3.[4]

9.     The only relief that Mr. Galvan seeks in his *Application* is to stop his removal from the United States.  *Id.* at 5.  He does not challenge the validity of his conviction or sentence in his criminal case or claim a right to be released from custody under the sentence in his criminal case.

---

[4]Double jeopardy violates the Fifth Amendment to the U.S. Constitution which states, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V.

Thus, like the district court in Colorado, this Court construes his *Application* as a petition under 28 U.S.C. § 2241(c)(3) rather than a motion under 28 U.S.C. § 2255.[5]

10.A prisoner is entitled to a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) if he "is in custody in violation of the Constitution or laws or treaties of the United States." Mr. Galvan challenges his alleged removal on the constitutional grounds of ineffective assistance of counsel and double jeopardy. *See Application* (Attachment 6 to *Doc. 2*) at 3.

11.In his *Motion to Dismiss*, Respondent argues that Mr. Galvan's *Application* should be dismissed for lack of subject matter jurisdiction because: (a) Mr. Galvan is not in the custody of the United States Bureau of Immigration and Customs Enforcement (hereinafter, "ICE");[6] and (b) no removal proceedings have been initiated against Mr. Galvan. *See Motion to Dismiss* (*Doc. 5*) at 2. Respondent contends that the only step taken towards the removal of Mr. Galvan from the United States is the lodging of an immigration detainer against him. *Id.* In support of this argument, Respondent attaches a copy of the affidavit of Edward Vasquez to his motion. *See* Affidavit of Edward Vasquez (attached as an unlabeled exhibit to *Motion to Dismiss* (*Doc. 5*)). In this affidavit, Mr. Vazquez states, under oath, that: (a) he is an Immigration Enforcement Agent with ICE; (b) he has reviewed his agency's files to determine whether any action has been taken to initiate Mr. Galvan's removal from the United States; (c) his search revealed that an immigration

---

[5]"A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence. The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d at 166 (internal quotation marks and citations omitted). Unless it is inadequate or ineffective, § 2255 is the exclusive remedy for testing the validity of a judgment and sentence. *Id.* In contrast, a habeas petition under 28 U.S.C. § 2241 is available, in relevant part, to a prisoner who claims, as Mr. Galvan does here in regard to the immigration detainer lodged against him, that he "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

[6]ICE is a successor agency to the Immigration and Naturalization Service. The latter was abolished and had its enforcement functions transferred to the United States Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296 §§ 441, 451 (2002).

detainer has been lodged against Mr. Galvan by ICE; and (d) no final order of removal has been entered against Mr. Galvan and no formal removal proceedings have been initiated against Mr. Galvan. *Id.* at 1-2. In the alternative, Respondent argues that, if the *Application* is construed as a motion under § 2255 challenging the validity of Mr. Galvan's criminal conviction, based on allegations of ineffective assistance of counsel, it should be dismissed because this Court lacks jurisdiction to entertain that motion and Mr. Galvan's claims have no merit. *See* **Motion to Dismiss** (*Doc. 5*) at 3, 5-6.

12.     The Court agrees with Respondent's argument that the Court lacks subject matter jurisdiction over this case because Mr. Galvan is not "in custody" under the immigration detainer that he challenges. Custody is a jurisdictional prerequisite for a habeas claim under § 2241(c)(3). *See* 28 U.S.C. § 2241(c)(3) (a writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States"); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("We have interpreted the statutory language [of 28 U.S.C. § 2241(c)(3)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." ). Consequently the Court will treat Respondent's *Motion to Dismiss* as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and will grant the motion.[7]

13.     Because the *Motion to Dismiss* asserts a fact-based challenge to subject matter jurisdiction, the Court will receive and consider extrinsic evidence which is permitted in

---

[7]Fed. R. Civ. P. 12(b)(1) states, in relevant part, that "a party may assert . . . by motion [the defense of] lack of subject matter jurisdiction[.]" Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may apply the Federal Rules of Civil Procedure to this case to the extent that they are not inconsistent with any statutory provision or the 2254 habeas rules. *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may apply the procedural rules governing Section 2254 habeas cases to this case, filed under 28 U.S.C. § 2241, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

the determination of a Rule 12(b)(1) motion. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (on Rule 12(b)(1) motion challenging facts on which subject matter jurisdiction depends, "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts . . . [and] a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion"); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (a court may consider matters of public record in deciding a Rule 12(b)(1) motion without converting the motion into one for summary judgment).

14.     Respondent has demonstrated, by undisputed factual evidence, that only an immigration detainer has been lodged against Mr. Galvan. *See* Affidavit of Edward Vasquez (attached as an unlabeled exhibit to ***Motion to Dismiss*** (*Doc. 5*)), at 1-2. No final removal order has been entered against Mr. Galvan, and no formal removal proceedings have been initiated against him. *Id.* The filing of an immigration detainer, without more, does not place Mr. Galvan "in custody" for purposes of § 2241(c)(3). *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). As the Tenth Circuit stated in that case:

> A detainer usually serves only as a notice to []prison authorities that the INS is going to be making a decision about the deportability of the alien in the future. The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on his liberty. Because there is no actual claim to the alien following the completion of his criminal sentence, there is no custody.

*Id.;*[8] *see also Zolicoffer v. United States Dep't. of Justice*, 315 F.3d 538, 541 (5th Cir. 2003) ("This court agrees with the majority of the circuit courts considering this issue and holds that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer

---

[8] Generally an immigration detainer is a request to a federal, state or local law enforcement agency to detain a named individual for up to forty-eight hours after the person would otherwise be released in order to provide ICE an opportunity to assume custody of that individual. *See* 8 C.F.R. § 287.7 (2009).

against them."). Because Respondent has demonstrated that only an immigration detainer has been lodged against Mr. Galvan, and no formal removal proceedings have been commenced against him or final removal order entered against him, the Court concludes that he is not "in custody" under the detainer for purposes of § 2241(c)(3) and the Court lacks subject matter jurisdiction over his *Application*. Therefore, Respondent's *Motion to Dismiss* for lack of subject matter jurisdiction should be **GRANTED**, Mr. Galvan's *Application* **DENIED**, and this case **DISMISSED without prejudice**.[9]

### *Conclusion*

15.     Mr. Galvan is not "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) and the Court, therefore, lacks subject matter jurisdiction over his *Application*. Accordingly, Respondent's *Motion to Dismiss*, construed as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), should be **GRANTED**, Mr. Galvan's *Application* **DENIED**, and this case **DISMISSED** without prejudice. Because the relevant jurisdictional facts are not in dispute, an evidentiary hearing on the *Motion to Dismiss* is unnecessary.

### **RECOMMENDED DISPOSITION**

Based on the foregoing, the undersigned recommends to the presiding judge that she (1) **GRANT** the *Government's Motion to Dismiss Petitioner's Application for a Writ of Habeas*

---

[9]The Court recommends dismissal without prejudice because a dismissal for lack of subject matter jurisdiction that does not reach the merits of a party's claims should be without prejudice. *See Strozier v. Potter*, 71 Fed. Appx. 802, No. 03-1126, 2003 WL 21783813, at **1 (10th Cir. Aug. 4, 2003) (unpublished) (citing *Hernandez v. Conriv Realty Assoc.*, 182 F.3d 121, 123 (2d Cir.1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."); *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) ("If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed . . . . The disposition of such a case will, however, be without prejudice.")).

*Corpus Pursuant to 28 U.S.C. § 2241 Filed on September 30, 2008* (*Doc. 5*), without an evidentiary hearing; (2) **DENY** the *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Attachment 6 to *Doc. 2*); and (3) **DISMISS** this case without prejudice.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**